IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| DANA TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 04-276-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| STATE OF OREGON, Acting by and through the Department of Justice, | ) ) ) | |
| | ) | |
| Intervenor Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DAVID E. HALLBERG, and NORA A. MULLANE, | ) ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DAVID E. HALLBERG, and NORA A. MULLANE, | ) ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |

Page 1 - OPINION AND ORDER

|  |  |
|---|---|
| vs. | ) |
|  | ) |
| CITY OF PORTLAND, | ) |
|  | ) |
| Third-Party Defendant. | ) |
|  | ) |

Charles J. Merten
1015 S.W. Yamhill Street
Portland, Oregon  97205

    Attorney for Plaintiff

Michael W. Grant
Marilyn K. Odell
State of Oregon
Department of Justice
1162 Court Street, N.E.
Salem, Oregon  97301-4096

    Attorneys for Intervenor Plaintiff

Craig A. Crispin
Patty T. Rissberger
500 Plaza West, 9600 S.W. Oak Street
Portland, Oregon  97223

    Attorney for Defendant and Third-Party Plaintiff David E. Hallberg

Kevin N. Keaney
700 N.E. Multnomah Street, Suite 1155
Portland, Oregon  97232

    Attorney for Defendant and Third-Party Plaintiff Nora A. Mullane

David A. Landrum
Linda S. Law
City of Portland
City Attorney's Office
1221 S.W. Fourth Avenue, Suite 430
Portland, Oregon  97204

    Attorneys for Third-Party Defendant

Page 2 - OPINION AND ORDER

KING, Judge:

Before the court is Plaintiff's Motion for Attorney Fees (#269) and Bill of Costs (#268).

## LEGAL STANDARDS

In addressing a petition for attorney fees, the court must first determine the lodestar amount by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996), amended on other grounds, 108 F.3d 981 (1997). In calculating the lodestar amount, the court should consider the factors specified in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976), that are subsumed in that calculation. Id. at 364 n.9. The factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent,[1] (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Id. at 363 n.8.

## DISCUSSION

Plaintiff seeks an award of attorney fees in an amount between $112,000 and $160,000. Plaintiff has a contingent fee contract with her counsel that results in a fee of $112,000, to be adjusted by the amount awarded by this court. Because counsel does almost all contingent fee

---

[1] Although "whether the fee is fixed or contingent" is listed as a factor, the Supreme Court subsequently held that enhancing a fee award on account of contingency is improper. See City of Burlington v. Dague, 505 U.S. 557 (1992); Davis v. City and County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).

Page 3 - OPINION AND ORDER

work, he does not keep a detailed account of his time.  Counsel estimates he spent 400 hours on issues common to the successful § 1983 claim alleged against defendant Hallberg.  When counsel has worked under an hourly fee agreement in the past five years, he has charged $400 per hour.

Hallberg objects that plaintiff has provided insufficient support that the estimated number of hours spent were reasonable.

Parties seeking fees are required to support the request with evidence, usually records of time spent on the case and support for the hourly rate request.  The court is not aware of any support for the proposition that a claimant can rely solely on a contingent fee contract as a basis for a fee award.

Plaintiff's counsel does not keep time records.  There is no absolute requirement that time records be submitted in support of a fee award on a § 1983 claim but the court has to determine the reasonable value of services.  A significant factor is the amount of time spent in pursuing successful claims and whether that time was reasonable and necessary.  The court is familiar with the issues litigated and can estimate the time which would be necessary to plead, discover, prepare for, and try the issues which were submitted to the jury.  I also realize there is a considerable amount of overlap on the various legal theories.  Given the lack of actual records, I will estimate the minimum time required.  I find that the number of hours reasonably spent is 300 hours.

For the hourly rate, I will use the 95th percentile rate of $337 in the Oregon State Bar 2002 Economic Survey for attorneys with over 30 years of practice.  Plaintiffs counsel is highly experienced.  Additionally, the constitutional issues in this case were quite complex.

This results in a lodestar amount of $101,100. I see no reason to adjust that figure based on the *Kerr* factors.

## CONCLUSION

I grant Plaintiff's Motion for Attorney Fees (#269) in the amount of $101,100. I also award the $615.00 sought by plaintiff in the Bill of Costs (#268).

IT IS SO ORDERED.

Dated this ___28th___ day of September, 2006.

                                              /s/ Garr M. King
                                              Garr M. King
                                              United States District Judge