IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

DANA TURNER,                                                  Civil Case No. 04-276-KI

              Plaintiff,                                        OPINION AND ORDER

    v.

DAVID E. HALLBERG; KATHRYN C.
HALLBERG, an individual, and CLAY
MCCASLIN, as trustee,

              Defendants.

    Steven C. Burke
    Case & Dusterhoff, LLP
    9800 SW Beaverton Hillsdale Hwy., Ste. 200
    Beaverton, Oregon  97005

    Charles J. Merten
    320 SW Stark Street, Suite 202
    Portland, Oregon  97204

              Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

J. Clay McCaslin
Law Office of J. Clay McCaslin
One SW Columbia, Suite 1850
Portland, OR 97258

    Attorney for Defendants Kathryn C.
    Hallberg and J. Clay McCaslin, as Trustee

Alex C. Trauman
Nicholas J. Henderson
Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 200
Portland, OR 97204

    Attorneys for Defendant David E. Hallberg

King, Judge:

    Plaintiff Dana Turner prevailed in a jury trial on her Section 1983 and common law tort claims against defendant David Hallberg, a housing inspector for the City of Portland, who abused his position to purchase Turner's home. On August 10, 2006, I entered a Judgment in Turner's favor for $3,040,000. Turner filed a Supplemental Complaint on June 20, 2011 in which she alleges claims against David Hallberg and his mother, Kathryn Hallberg, for common law fraud and violations of the Oregon Fraudulent Transfer Act, ORS 95.200. Turner also seeks to enjoin Kathryn Hallberg from foreclosing real property which secured loans Kathryn Hallberg made to David Hallberg. This court's Temporary Restraining Order stopped the trustee's sale less than a week before the sale.

    Before the court are motions to dismiss filed by Kathryn Hallberg and defendant Clay McCaslin, the trustee [328], as well by David Hallberg [331]. For the reasons below, I conclude that

Page 2 - OPINION AND ORDER

federal subject matter jurisdiction exists, and I am unpersuaded by defendants' statute of limitations arguments. Thus, I deny the motions. I also grant Turner's request for a Preliminary Injunction.

## ALLEGED FACTS

Turner alleges that David Hallberg owned three properties in Portland, Oregon at the time Turner filed her original civil rights Complaint in 2004. He granted four deeds of trust to Kathryn Hallberg for loans he took from her on May 1, 1999, May 8, 2006, and August 11, 2006. The deeds were recorded in 2005 and 2006.

Turner alleges that David Hallberg never made payments on the debts, and Kathryn Hallberg took no action to collect them until Turner started collection proceedings. Kathryn Hallberg initiated four non-judicial foreclosures on the properties in January 2011. Turner alleges the four deeds of trust are sham transactions intended solely to encumber David Hallberg's assets and avoid Turner's attempts to collect her Judgment.

## LEGAL STANDARDS

The plaintiff has the burden of proving subject matter jurisdiction if defendant challenges it in a motion to dismiss under Federal Rule of Procedure 12(b)(1). Kingman Reef Atoll Inv., L.L.C. v. United States, 541 F.3d 1189, 1197 (9th Cir. 2008). An argument claiming lack of subject matter jurisdiction under Rule 12(b)(1) may be facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id.

///

///

///

Page 3 - OPINION AND ORDER

## DISCUSSION

I.    <u>Federal Question Subject Matter Jurisdiction</u>

In the Supplemental Complaint, Turner alleges state law claims for common law fraud and violations of the Oregon Fraudulent Transfer Act. She contends this court has federal subject matter jurisdiction to protect its judgment by setting aside defendants' fraudulent conveyances.

Defendants argue that Turner's Supplemental Complaint does not present a federal question to support subject matter jurisdiction under 28 U.S.C. § 1331. They characterize the Supplemental Complaint as an attempt to piggyback state law claims against two new defendants onto the prior federal claims against David Hallberg which are already fully adjudicated. Defendants contend that none of the allegations in the Supplemental Complaint are sufficiently related to the original federal civil rights claims to form part of the same case or controversy as required for the court to exercise supplemental jurisdiction over the current state law claims under 28 U.S.C. § 1367.

Defendants ask me to dismiss the Supplemental Complaint based on the analysis in <u>Peacock v. Thomas</u>, 516 U.S. 349, 116 S. Ct. 862 (1995). Thomas, a former employee of Tru-Tech, obtained a judgment against the company for breach of ERISA fiduciary duties. When Thomas could not collect on his judgment, he filed a second case against Peacock, a Tru-Tech officer, alleging claims of a civil conspiracy to siphon Tru-Tech's assets and fraudulent conveyances of Tru-Tech's assets, both to prevent satisfaction of the judgment. Thomas later added a claim to pierce the corporate veil. <u>Id.</u> at 352.

The Court reasoned that Thomas's new claims did not independently support federal subject matter jurisdiction. <u>Id.</u> at 353-54. The Court recognized, however, that a federal court can exercise ancillary jurisdiction "'(1) to permit disposition by a single court of claims that are, in varying

Page 4 - OPINION AND ORDER

respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees.'" Id. at 354 (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 379-80, 114 S. Ct. 1673 (1994)). The Court relied on Thomas's limitation of his claims:

> We decline to address this argument [that the suit was intended to preserve and force payment of the judgment by voiding fraudulent transfers of Tru-Tech's assets], because, even if Thomas could have sought to force payment by mandamus or to void postjudgment transfers, neither Thomas nor the courts below characterized this suit that way. Indeed, Thomas expressly rejects that characterization of his lawsuit. ("This action . . . is not one to collect a judgment, but one to establish liability on the part of the Petitioner").

Id. at 357 n.6 (internal citation omitted).

The Court held that the federal court lacked subject matter jurisdiction over Thomas's subsequent case because the Court had "never authorized the exercise of ancillary jurisdiction in a subsequent lawsuit to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment." Id. at 357, 360.

The Ninth Circuit analyzed a similar issue in Thomas, Head and Greisen Emp. Trust v. Buster, 95 F.3d 1449 (9th Cir. 1996), in which a trust fund was unable to collect a judgment it won in an ERISA case against Jack Buster for breach of his fiduciary duties to the trust. The trust later filed an amended complaint against Buster and people to whom he allegedly fraudulently conveyed properties to avoid payment of the judgment. The appellate court held that the trial court properly exercised ancillary jurisdiction over Buster and the transferees based on the court's power to protect its judgment by setting aside the judgment debtor's fraudulent conveyances. Id. at 1454-55. The court distinguished Peacock because its judgment creditors were attempting to establish the new defendant's liability for the original judgment. In contrast, the judgment creditors in Thomas, Head

were attempting to disgorge property Buster fraudulently transferred so that they could collect the judgment from Buster. Id. at 1454.

I reviewed Thayer v. Nydigger, No. 95-2004-AS, 2000 WL 145324, *3 (D. Or. Jan. 24, 2000), and its statement that defendants "failed to establish that a right to assert a third-party claim against the transferee of a fraudulent conveyance exists under Oregon law." I am unpersuaded that Thayer is applicable because Turner's claim appears to fit within the relief provided under the Oregon Fraudulent Transfer Act.

I agree with Turner that her Supplemental Complaint is indistinguishable from the amended complaint in Thomas, Head because, just as in that case, she is attempting to set aside fraudulent conveyances preventing her collection of the court's judgment. Turner is not trying to establish Kathryn Hallberg's liability for the original judgment, as in Peacock. Consequently, I conclude that this court has subject matter jurisdiction over the Supplemental Complaint and deny defendants' motion to dismiss for lack of subject matter jurisdiction.

II.     Statute of Limitations

    A.     Oregon Fraudulent Transfer Act ("OFTA")

Defendants claim Turner's OFTA claim is barred by the statute of limitations. The OFTA generally requires claims to be filed within four years of the fraudulent transfer. ORS 95.280(2). If the debtor made the transfer "[w]ith actual intent to hinder, delay, or defraud any creditor of the debtor," the creditor may file the claim "within one year after the transfer or obligation was or could reasonably have been discovered." ORS 95.230(1)(a), 95.280(1).

Defendants reason that Turner got constructive notice of the deeds of trust when they were recorded with the County. The latest recording occurred on August 11, 2006.[1] Turner filed the Supplemental Complaint on June 20, 2011, more than four years after the latest recording. Thus, Turner's OFTA claim is barred unless: (1) Turner filed the Supplemental Complaint within one year after she reasonably could have discovered the transfers; and (2) Turner can prove defendants made the transfers with actual intent to hinder, delay, or defraud her.

Under Oregon law, recording an interest in property constitutes constructive notice to anyone of the existence of the interest. ORS 93.643(1). Turner argues, however, that she had no basis to believe that the transfers were fraudulent when they were recorded. According to Turner, she could not have known the conveyances were fraudulent until Kathryn Hallberg tried to stop Turner from garnishing the rent from the properties even though Kathryn Hallberg had made no effort to collect the debts for years. Although the date of the garnishment proceedings is not alleged in the Supplemental Complaint, Turner's counsel filed a declaration stating that it took place in December 2010, well within the OFTA statute of limitations.

Turner also argues that defendants' argument would be more properly made in a motion for summary judgment because the OFTA has a discovery rule. Whether I construe the motion as one for dismissal for failure to state a claim, for summary judgment, or for judgment on the pleadings,

---

[1] In a motion to dismiss for failure to state a claim, the court may review a document extrinsic to the complaint if the authenticity of the document is not contested and the document is integral to the claims. Fields v. Legacy Health System, 413 F.3d 943, 958 n.13 (9th Cir. 2005). Additionally, a court may take judicial notice of matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). Turner alleges that the deeds of trust were recorded in the Multnomah County Recorder's Office. Supplemental Compl. ¶ 10. Defendants provided copies of the recordings attached to the Declaration of J. Clay McCaslin. Turner did not object to the authenticity of the documents. I rely on them to determine the day the deeds of trust were recorded.

Page 7 - OPINION AND ORDER

I agree with Turner that defendants are not entitled to a dismissal of the OFTA claim at this point. Thus, I deny defendants' motion to dismiss the OFTA claim.

B. Common Law Fraud

Defendants similarly argue that Turner's common law fraud claim is barred by the statute of limitations. An action for fraud must be filed within two years of the discovery of the fraud. ORS 12.110(1). Turner's fraud claim is also based on the encumbrance David and Kathryn Hallberg placed on David's real property.

> For purposes of that statute, a plaintiff discovers the fraud when the plaintiff knew or should have known of the alleged fraud. Whether the plaintiff should have known of the alleged fraud depends on a two-step analysis. First, it must appear that plaintiff had sufficient knowledge to excite attention and put a party upon his guard or call for an inquiry. If plaintiff had such knowledge, it must also appear that a reasonably diligent inquiry would disclose the fraud. Whether or not the plaintiff should have known of the fraud at a particular point in time is normally a question for the jury except where only one conclusion can reasonably be drawn from the evidence.

Bell v. Benjamin, 232 Or. App. 481, 486, 222 P.3d 741 (Or. App. 2009) (internal quotation and citation omitted).

I deny the motion to dismiss the fraud claim for the same reason I denied the motion to dismiss the OFTA claim.

III. Preliminary Injunction

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Ctr. for Food Safety v. Vilsack, 636 F.3d 1166, 1172 (9th Cir. 2011) (quoting Winter v. Natural Res. Def. Council, 555 U.S. 7, 129 S. Ct. 365, 374 (2008)). "After Winter, plaintiffs must establish that irreparable

Page 8 - OPINION AND ORDER

harm is *likely*, not just possible, in order to obtain a preliminary injunction." Id. (internal quotation omitted).

I first find that Turner will likely suffer irreparable harm if I do not enter a Preliminary Injunction because Kathryn Hallberg would go forward with a foreclosure sale after filing a new Notice of Sale. Turner has junior liens which could be foreclosed. I also find that Turner is likely to succeed on the merits. Kathryn Hallberg's multi-year delay in collecting her notes, and then moving rapidly to foreclosure once Turner started collection attempts, supports Turner's argument that David Hallberg is trying to block Turner's collection activity. The balance of equities also tips in Turner's favor because she is trying to collect a large Judgment a jury awarded for damages resulting from David Hallberg's violation of her civil rights. In contrast, Kathryn Hallberg waited years to collect her son's debt to her, a situation that is not unusual for a parent. The public interest lies in this court having the ability to effectuate its decrees.

For these reasons, I grant Turner's request for a preliminary injunction prohibiting a nonjudicial foreclosure sale on the properties, pending final resolution of this action.

## CONCLUSION

Kathryn Hallberg and Clay McCaslin's Motion to Dismiss [328] and David Hallberg's Motion to Dismiss Supplemental Complaint [331] are denied. I will enter a Preliminary Injunction

///

///

///

///

///

Page 9 - OPINION AND ORDER

in a separate document. I also direct the Clerk of Court to reopen the case for statistical purposes as of the date of the filing of the Supplemental Complaint, June 20, 2011.

IT IS SO ORDERED.

DATED this   10th   day of August, 2011.


                                            /s/ Garr M. King
                                        Garr M. King
                                        United States District Judge

Page 10 - OPINION AND ORDER